The spirit of this contract was, that the lessor, at the end of the term, should have the lot restored, improved in its value by the amount of the buildings which Jones Neale should erect. These were to be such as suited the convenience of the company, and were to be kept in repair, and left on the lot. The consideration of the actual expense in building, and the possible increase of expense in reparation, and leaving the buildings on the lot, was the privilege of enjoying the lot for seven years; in other words, an agreement on the part of the lessor that, for the time mentioned she would forego, and that Jones Neale might enjoy all the benefit of the possession. This mode of compensation was fixed on by the parties in lie of annual rent; but the premises being destroyed by fire before the end of the term, the defendant on that ground claims an exemption from the performance of the covenant; not because the terms of agreement are not sufficiently extensive, taking them in their common signification, but because it was not contemplated by either of the parties that the lessee should rebuild after a destruction by fire. Were the question to be decided at law, a series of concurrent authorities, ancient and modern, would not permit us to doubt what the true rule was. Clearly the tenant is bound to pay the *Page 331 
rent, notwithstanding the destruction of the premises, in respect of which the rent is reserved. Indeed, the covenant to pay the rent and to repair stands upon the same footing in that respect; and in both the liability of the tenant flows from the general rule which has been stated.
No case has been produced wherein equity has relieved further than to discharge the party from the penalty, which is a thing of course; and this does not appear to me to be such a case as would warrant the Court to make a precedent. I am therefore of opinion that a decree should be made against the defendants for the principal sum, with interest, to be computed from the expiration of the lease.